SO ORDERED.

SIGNED this 19th day of December, 2011.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

For on-line use but not print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br>BROOKE CORPORATION,<br>  a Kansas Corporation, et al.,<br><br>       Debtors., | CASE NO. 08-22786<br>CHAPTER 7 |
| NORTHERN CAPITAL, INC. ,<br><br>       Plaintiff,<br><br>v.<br><br>THE STOCKTON NATIONAL BANK,<br>  et al.,<br><br>       Defendants., | ADV. NO. 09-6011 |
| CHRISTOPHER J. REDMOND,<br>  Chapter 7 Trustee of Brooke<br>  Corporation,<br><br>       Third-Party Plaintiff, | |

v.

**NORTHERN CAPITAL, INC., et al,**

      **Third-Party Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING THIRD-PARTY DEFENDANT FARLEY INVESTMENTS' MOTION FOR SUMMARY JUDGMENT

In this adversary action, the Trustee for Brooke Corporation,[1] as third-party plaintiff,[2] asserts, among other things, a preferential transfer claim to avoid and recover prepetition payments made by Debtor to Stockton National Bank, a lead bank on a secured loan that is the subject of loan participation agreements with the third-party defendants, including movant Farley Investments, LLC (Farley Investments).[3] This Court has previously held that Stockton National Bank, the lead bank who forwarded the payments made by Brooke Corporation to the participants in accord with the participation agreements, was not an initial transferee under 11 U.S.C. § 550(a)(1), but acted as a conduit for the participants, who were the initial transferees.[4]

Defendant Farley Investments moves for summary judgment, arguing that it became the holder of the participation interest after the allegedly preferential payments

---

[1] The Trustee appears by John J. Cruciani and Michael D. Fielding of Husch Blackwell LLP.

[2] Dkt. 125, Second Amended Third-Party Complaint.

[3] Farley Investments appears by William B. Sorensen, Jr., and Ryan M. Peck of Morris, Lang, Evans, Brock & Kennedy, Chartered.

[4] *In re Brooke Corp.*, 458 B.R. 579 (Bankr. D. Kan. 2011).

2

were made and therefore has no liability to the Trustee under § 550(a)(1). The Court agrees and grants Farley Investment's motion for summary judgment.

**FINDINGS OF FACT.**

The facts are uncontroverted. The transfers that the Trustee seeks to avoid are a total of $54,000 received by Farley State Bank between August 5 and August 29, 2008, as its share of payments made by Brooke Corporation to Stockton National Bank on a note that was subject to a participation agreement between Stockton National Bank and Farley State Bank. Brooke Corporation filed for relief under Chapter 11 on October 28, 2008.

On March 31, 2008, Farley State Bank and BankLiberty had entered into an Amended and Restated Bank Merger Agreement which provided for the merger of Farley State Bank into BankLiberty, to be effective upon satisfaction of certain conditions. On November 6, 2008, before the effective date of the merger, Farley State Bank assigned, conveyed, and transferred to Farley Investments all of its right title and interest in four loan participation certificates related to Brooke Corporation, including the participation in Brooke Corporation's liability to Stockton National Bank. The assignment documents do not include any provisions whereby Farley Investments assumed liability for any claims relating to the participation certificates.

One day later, on November 7, 2008, the merger of Farley State Bank into BankLiberty was effective. BankLiberty is the surviving institution. The merger agreement provides that after the merger, BankLiberty "shall be liable for all liabilities of [Farley State Bank] which were in existence immediately prior to the" merger.

**POSITIONS OF THE PARTIES.**

Farley Investments contends, assuming that the Trustee can avoid the transfers in issue under 11 U.S.C. § 547, it has no liability to the Trustee under § 550 because it did not receive the funds and was not the holder of the participation interest on the date of the transfers. The Trustee responds that when Farley Investments became the holder of the participation interest it, as a matter of contract law, assumed all liabilities relating to that interest, including the Trustee's claim.

**THE COURT GRANTS SUMMARY JUDGMENT TO FARLEY INVESTMENTS.**

The Trustee seeks to recover from Farley Investments under § 550(a)(1), which provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . , the trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property, from —
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made.

Because Farley Investments became the owner of the participation certificates after the allegedly preferential transfer, it is not a transferee within the meaning of the statute. The Bankruptcy Code does not define transferee. Black's Law Dictionary defines a transferee as "[o]ne to whom a property interest is conveyed."[5] It is uncontroverted that Farley State Bank, not Farley Investments, received the payments from Brooke. Farley

---

[5] Black's Law Dictionary (9th ed. 2009).

Investments is not an "initial transferee" of those payments for purposes of § 550(a)(1).

In addition, Farley Investments did not benefit from the transfers at issue. After the payments, the face value of the participation (the amount owed by Brooke to the holder of the certificate) was reduced.

The Court finds the Trustee's reliance on contract law misplaced. The Trustee argues that as a matter of contract law when Farley Investments acquired the loan participation interest, it acquired all of Farley State Bank's unperformed liabilities with respect to the participation, including obligations under federal law. But this position, if a valid statement of contract law, is irrelevant to the Trustee's claim against Farley Investments. The Trustee is not seeking to enforce a liability under the participation agreement. He is seeking recovery under the Bankruptcy Code, § 550(a)(1), which makes liable only the initial transferee of an avoided transfer or the entity benefitting from the transfer. Under the statute, an initial transferee has personal liability for the value of the transfer. And nothing in the statute suggests that the liability follows ownership of the obligation on which payment was made.

As a final argument, although conceding that there is no document in which Farley Investments assumed liability for the transfer, the Trustee suggests there are material controverted facts because the assignment documents are ambiguous as to whether Farley Investments was to retain all duties and obligations to be performed under the loan participations. Even if the assignment documents are ambiguous, this argument fails because it is based upon the erroneous view that contract law is relevant to Farley

5

Investments' liability to the Trustee.  The liabilities assumed by Farley Investments would be relevant if this were a dispute between BankLiberty and Farley Investments, but that is not the matter before the Court.

**CONCLUSION.**

For the foregoing reasons, the Court grants third-party defendant Farley Investments' motion for summary judgment.  Assuming that transfers to Farley State Bank will be avoided, the Trustee may not recover the avoided transfers from Farley Investments under § 550(a)(1).

**IT IS SO ORDERED.**

# # #

6

Case 09-06011    Doc# 194    Filed 12/19/11    Page 6 of 6